**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PELOTON INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLYWHEEL SPORTS, INC., <br><br> Defendant. | Civil Action No.: 2:19-CV-00317-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR IMPROPER CLAIM SPLITTING**

**TABLE OF CONTENTS**

I.  The Distinctions Between the Methods of the *Peloton I* Patents and the Systems of the *Peloton II* Patents Are Superficial ...................................................................2

II. *Peloton II* Should Be Dismissed Under the Doctrine of Claim Splitting ...........................4

    A.  The '590 Patent ........................................................................................................4

    B.  The '026 Patent ........................................................................................................4

III. Resolution of Claim Splitting is Not Premature ..................................................................7

IV. Alternatively, the Court Should Stay Peloton II Pending Resolution of Peloton I..............8

V.  Conclusion ...........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008) ...................................................................................3, 5

*Adaptix, Inc. v. AT&T Mobility LLC*,
    2015 WL 12696204 (E.D.Tex.) .........................................................................................5

*Brain Life, LLC v. Elekta Inc.*,
    746 F.3d 1045 (Fed. Cir. 2014) .........................................................................................2

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    2018 U.S. Dist. LEXIS 142173 (E.D. Tex.) ......................................................................8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ..........................................................................................................8

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*,
    2008 WL 4809093 (E.D. Tex.) .........................................................................................9

*Senju Pharm. Co. v. Apotex Inc.*,
    746 F.3d 1344 (Fed. Cir. 2014) ....................................................................................4, 7

*Simple Air, Inc. v. Google Inc.*,
    204 F. Supp. 3d 908, 915 (E.D. Tex. 2016) ......................................................................7

*SimpleAir, Inc. v. Google LLC*,
    884 F.3d 1160 (Fed. Cir. 2018) .........................................................................................3

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005) ..............................................................................9

*Xiaohua Huang v. Huawei Technologies Co. Ltd.*,
    2017 WL 1246260 (E.D. Tex.) .........................................................................................5

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
    341 F. Supp. 2d 639 (N.D. Tex. 2004) ..............................................................................8

Peloton does not address—much less dispute—that *Peloton I* and *Peloton II* concern identical parties, identical accused products, and identical accused features. Nor could it. The underlying facts of the cases could not be more similar.

Moreover, the patents-in-suit in *Peloton I* and *Peloton II* are all from the same patent family and all concern the same subject matter. In *Peloton I*, Peloton recognized that the patents in this patent family "involve similar subject matter, as well as overlapping claim construction and infringement issues." *Peloton I*, Dkt. No. 63 at 5. Yet, now, after needlessly filing duplicative litigation, Peloton makes unavailing arguments to the contrary.

The record is clear. Peloton intentionally and strategically divided the '590 Patent from the virtually identical *Peloton I* Patents to get a second chance to assert the same invention against the same accused products and functionality. Peloton offers no explanation why it chose not to assert the '590 Patent in *Peloton I*, even though that patent issued months before the filing of that action. Instead, Peloton points to superficial distinctions between the method claims in *Peloton I* and the system claims in *Peloton II* to argue that the doctrine of claim splitting does not apply. These arguments are inconsistent with Federal Circuit precedent and common sense.

Peloton's delayed assertion of the '590 Patent in piecemeal litigation is the archetypical case of claim splitting. As such, Peloton's claims as to the '590 Patent should be dismissed. And, while the '026 Patent issued after the filing of *Peloton I*, it, too, contains substantially similar claims that present overlapping issues of law and fact, and should therefore be dismissed. At a minimum, Peloton's claims concerning this later-issued patent should be stayed pending the outcome of *Peloton I*.

Accordingly, Flywheel respectfully requests that this case be dismissed in whole or in part, and/or stayed pending the resolution of *Peloton I*.

## I. The Distinctions Between the Methods of the *Peloton I* Patents and the Systems of the *Peloton II* Patents Are Superficial

Peloton makes four main arguments to attempt to distinguish the patents-in-suit in *Peloton II* from the patents-in-suit in *Peloton I*. Each argument misses the mark.

***First***, Peloton argues that because the *Peloton II* Patents recite system claims, whereas the patents-in-suit in *Peloton I* recite method claims, the former are patentably distinct from the latter. As shown in Flywheel's motion (Dkt. No. 25), the '590 Patent merely discloses the systematized corollaries of the *Peloton I* method claims. And, as the Federal Circuit has held, the formalistic distinction between method and system claims does not inoculate a patentee from the operation of *res judicata* or the doctrine of claim splitting. *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (barring subsequently filed system claims in view of prior adjudication of patentably indistinct method claims). Peloton does not address—much less distinguish—*Brain Life*.

The application of *Brain Life* to the facts of this case also aligns with common sense. If, as Peloton argues, a patentee could assert a method claim in one case, and assert essentially the same system claim in a second case, a patentee would always separately file method and system claims on the same invention in order to have two opportunities to prove infringement by the same accused product. This approach would undermine longstanding principles of *res judicata*. However, this is exactly what Peloton is attempting to do here.

***Second***, Peloton points to superficial claim limitations in the *Peloton II* Patents to suggest that they meaningfully differ from the *Peloton I* Patents. For example, the alleged additional limitations Peloton highlights in its chart include a "user interface," a "plurality of sensors," a "processing system," a "digital communication network," a "display screen," and a "stationary bike" with features such as a "frame," "pedals," a "flywheel," and a "resistance adjustment

2

apparatus." Resp. at 11. However, these alleged additional limitations are nothing more than generic computer and stationary bike components used to perform the purportedly inventive method steps covered by the *Peloton I* Patents. Quite obviously, the recitation of generic and non-inventive computer and stationary bike components does not transform the claims of the *Peloton II* patents into a patentably distinct invention.

**Third**, Peloton argues that because the patents in *Peloton II* are not terminally disclaimed over the patents in *Peloton I*, the patents are not patentably distinct. But, the case cited by Peloton in support of this argument merely stands for the proposition that a terminal disclaimer alone is not sufficient to find that patents are essentially the same in the claim splitting context. *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1166 (Fed. Cir. 2018). Rather than relying on the filing (or lack thereof) of a terminal disclaimer, the precedent requires that a court evaluate the claims in light of the alleged infringement. *See Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323–24 (Fed. Cir. 2008). As discussed above, under this framework, it is apparent that the asserted patents are essentially the same under the set of facts at issue in this case.

**Fourth**, Peloton argues that the patents-in-suit must be patentably distinct because Flywheel "has treated the *Peloton I* and *Peloton II* Patents differently." Resp. at 18. Peloton argues that because Flywheel filed the subject motion, and did not move to dismiss this case because the patents-in-suit in *Peloton II* are invalid under § 101, the patents must be patentably distinct. This argument is baseless. Flywheel very much contends that the *Peloton II* Patents are directed toward unpatentable abstract ideas. Flywheel intends to challenge the patentability of the *Peloton II* Patents at the summary judgment, trial, and/or post-trial stages of this action.

## II. *Peloton II* Should Be Dismissed Under the Doctrine of Claim Splitting

### A. The '590 Patent

The '590 Patent issued on July 17, 2018, two months before *Peloton I* was filed. After the issuance of the '590 Patent, Peloton *twice* amended its complaint in *Peloton I* to assert additional patents in this same patent family, including adding the '315 Patent, which issued nearly a year after the '590 Patent. Peloton has provided no explanation as to why it did not include the '590 Patent in its original complaint, first amended complaint, or second amended complaint in *Peloton I*. Tellingly, neither the complaint in *Peloton II* nor Peloton's response to the subject motion provides any explanation for Peloton's willful choice not to assert the '590 Patent in *Peloton I*.

The Docket Control Order entered in *Peloton I* clearly prescribes an avenue to add patents to the lawsuit through a motion for leave to amend pleadings. Instead, Peloton opted to file duplicative litigation with the intent to drive up burden and expense. Rather than be forced to defend against Peloton's piecemeal litigation, and endure the prejudice, burden, and cost associated with defending two overlapping lawsuits in parallel, Flywheel respectfully requests that the Court dismiss Peloton's claims asserting the '590 Patent.

### B. The '026 Patent

In Response, Peloton argues that claim splitting cannot apply to the recently issued '026 Patent because it constitutes "new rights" not available at the time of filing of the first case.[1] As a threshold matter, the Federal Circuit has previously barred later-issued claims under the doctrine of claim splitting. *See Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1353–54 (Fed. Cir. 2014). There, the Federal Circuit upheld dismissal of later-issued claims in a second lawsuit

---

[1] The tacit admission here is clear: the '590 Patent does not constitute "new rights," was available to assert in *Peloton I*, and falls squarely within the purview of the doctrine of claim splitting.

because the claims lacked a "material difference" from those previously litigated, regardless of "whether the judgment in the original suit was based on invalidity of the claims or simply on non-infringement." *Id.* It did not matter that the claims were not available to litigate in the first action.

Here, there is no "material difference" between the claims of the '026 Patent and those litigated in *Peloton I* that prevents the application of the doctrine of claim splitting.

Peloton argues that because that the '026 Patent covers a system and method for providing *only archived classes*, whereas the *Peloton I* Patents claim methods for providing *both live and archived classes*, the '026 Patent is patentably distinct. This argument is flawed on its face, and under Federal Circuit precedent. For claim splitting to apply, the patents at issue are not required to be *exactly the same*, they are required to be "*essentially the same*." See *Acumed,* 525 F.3d at 1323–24 (emphasis added).

In determining whether patents are *essentially the same*, courts in this District have looked at the comparability of the infringement contentions in each case. *See, e.g.*, *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-CV-120, 2015 WL 12696204, at *1 (E.D. Tex. May 12, 2015) (holding that claims were precluded because the same infringement theories were asserted in the second case as the first, and that the issue of preclusion in a patent infringement action boils down to whether the same infringement theories or cause of action is raised in the subsequent suit); *see also Xiaohua Huang v. Huawei Technologies Co. Ltd.*, 2:16-cv-00947-JRG-RSP, 2017 WL 1246260 (E.D.Tex. Feb. 19, 2017) *aff'd* 787 F. App'x 723 (Fed. Cir. 2019) (holding that plaintiff was precluded from asserting infringement claims in a second case because the infringement contentions were identical for the two cases).

5

Here, because the accused products are identical, and the patents are patentably indistinct, the infringement contentions in *Peloton I* and *Peloton II* are remarkably similar.



| Excerpts of the Infringement Contentions for '026 Patent in *Peloton II* | Excerpts of the Infringement Contentions for '085 Patent in *Peloton I* |
|---|---|
| Ex. B to Peloton's Infringement Contentions in *Peloton II* at pages 31-33. | Ex. A to Peloton's Infringement Contentions in *Peloton I* at pages 20-22. |

For example, the chart above illustrates the nearly identical sections of the respective infringement contentions of the '026 Patent and the '085 Patent relating to a user's selection of one of the available exercise classes. *See* '085 Patent at 14:59-62; *see also* '026 Patent at 15:52-

6

55. These nearly identical excerpts illustrate what is readily apparent by reviewing the respective infringement contentions as a whole. The asserted patents are patentably indistinct for claim splitting purposes because the accused products are identical and the subject matter of the patents-in-suit is essentially the same, irrespective of whether the patents require both live and archived classes, or only archived classes.

Further, because the '026 Patent is patentably indistinct from the patents-in-suit in *Peloton I*, the validity issues in *Peloton I* would be dispositive of the '026 Patent in *Peloton II*. For instance, the prior art asserted in *Peloton I* is replete with references disclosing "archived" cycling classes.

Therefore, even if the '026 Patent is not subject to the doctrine of claim splitting, the Court should nevertheless dismiss Peloton's claims as to the '590 Patent and stay adjudication Peloton's claims at to the '026 Patent pending the resolution of *Peloton I*, as the resolution of the claims and issues in that case are likely to have a preclusive effect on the '026 Patent.

### III. Resolution of Claim Splitting is Not Premature

Peloton attempts to push off the resolution of this motion, arguing that it is "premature." Resp. at 8. But the Federal Circuit has found that adjudication of claim splitting is appropriate at the motion-to-dismiss stage. *See* Mot. at 5-6. And, contrary to Peloton's contentions, courts have dismissed later-filed cases concerning different claims. *See, e.g., Senju*, 746 F.3d at 1346 (dismissing later-filed case concerning different claims arising in reexamination); *see also Simple Air, Inc. v. Google Inc.*, 204 F. Supp. 3d 908, 915 (E.D. Tex. 2016) (dismissing later-filed case concerning different patents) (vacated on other grounds).

Critically, Peloton has not identified any claim limitation unique to the *Peloton II* Patents that would meaningfully distinguish their scope from the *Peloton I* Patents. There is no need to

delay the resolution of what is facially clear: the *Peloton I* and *Peloton II* Patents cover essentially the same subject matter.

**IV.   Alternatively, the Court Should Stay *Peloton II* Pending Resolution of *Peloton I***

If the Court finds that claim splitting does not apply to one or both *Peloton II* Patents, the balance of equities clearly favor a stay. Because the asserted patents are essentially the same, and the accused products are identical, to the extent the patents-in-suit in *Peloton I* are found to be invalid or not infringed, any remaining issues for this Court would be extremely narrow. Further, to the extent the patents in *Peloton I* are found to be valid and infringed, any damages recovered in this case would be duplicative of those (if any) assessed in *Peloton I*. Therefore, staying this action until *Peloton I* is complete would allow the Court and the parties to avoid needlessly litigating matters that will be resolved by the first action.[2]

Peloton's arguments against a stay are unavailing. First, Peloton's claims of irreparable harm ring hollow. Peloton's CEO has publicly stated that he is not concerned about competition from Flywheel.[3] Moreover, Peloton is able to recover royalties on any Flywheel sales between now and the resolution of *Peloton I*. Second, in reliance on Supreme Court precedent, Peloton argues that "only in rare circumstances" should a court stay an action. Resp. at 18 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). But, the Supreme Court expressly limited this principle to situations in which a stay could cause the rights of a litigant to be determined in a matter to which it is *not a party*. The entire quote provides that, "[o]nly in rare circumstances

---

[2] Where substantially similar issues are currently pending in another case—as is true here—courts frequently exercise their discretion to stay cases out of a concern for judicial efficiency. *See CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *9 (E.D. Tex. 2018) (staying second-filed action pending resolution of first-filed action accusing the same products); *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645−46 (N.D. Tex. 2004) (staying case pending resolution of earlier filed case because of the substantial overlap in claims and questions of fact).

[3] *See* https://www.cnbc.com/2018/09/13/peloton-ceo-said-he-wasnt-worried-about-flywheel-now-hes-suing-them.html

will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Here, the litigants in both matters are identical. There is no risk that staying this action will impact any party not also involved in *Peloton I*.

Instead, in determining whether to grant a stay, courts in this District consider three factors: "(1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ. No. 2:04-CV-32-TJW, 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008).

Here, the factors relating to prejudice and judicial efficiency weigh heavily in favor of a stay. Discovery in this case has not even begun, and a trial date has not yet been set. A stay would substantially streamline issues in this case, prevent the potential for inconsistent findings of fact and law, and would save Flywheel the significant prejudice of defending duplicative piecemeal litigation. Therefore, if the Court declines to dismiss this action, Flywheel respectfully requests that the Court stay this action pending the completion of *Peloton I*.

**V. Conclusion**

For the foregoing reasons, Flywheel respectfully requests that the Court dismiss this case on the ground that Peloton impermissibly filed duplicative suits involving the same parties, the same accused products, the same underlying factual issues, and patentably indistinct patents. To avoid unfair prejudice, burden, and delay, Flywheel respectfully requests that the Court dismiss

this later-filed action. Alternatively, Flywheel requests that the Court stay this case until the resolution of Peloton's earlier-filed action.

Dated: January 22, 2020                                       Respectfully submitted,

/s/ *Joshua Budwin*
Joshua Budwin, Lead Attorney
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**McKool Smith, P.C.**
300 W. 6th Street
Austin, Texas 78701
Telephone: (512)-692-8727
Facsimile: (512)-692-8744

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Rudolph Fink IV
Texas State Bar No. 24082997
rfink@mckoolsmith.com
Albert M. Suarez IV
Texas State Bar No. 24113094
asuarez@mckoolsmith.com
Henry Thomas Sekula III
Texas State Bar No. 24110346
tsekula@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Meredith Elkins
Texas State Bar No. 24084584
melkins@mckoolsmith.com
**McKool Smith, P.C.**
One Manhattan West
395 9th Avenue, 5th Floor
New York, NY 10001-8603
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Jeffrey S. Ginsberg (NY Bar No. 2608487)
Ryan J. Sheehan (NY Bar No. 4604625)
Benjamin H. Weissman (NY Bar No. 5390794)

11

**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
jginsberg@pbwt.com
rsheehan@pbwt.com
bweissman@pbwt.com

Deron Dacus (TX Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com
**ATTORNEYS FOR DEFENDANT FLYWHEEL SPORTS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system email on January 22, 2020.

*/s/ Joshua Budwin*
Joshua Budwin